UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC NETTLES | CIVIL ACTION |
| VERSUS | NO. 16-0548 |
| ORLEANS PARISH PRISON, ET AL | SECTION "E" (4) |

# REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I. Factual and Procedural Background

The plaintiff, Eric Nettles ("Nettles"), was an inmate housed in the Orleans Parish Prison system ("OPP") at the time of the filing of this *pro se* and *in forma pauperis*, complaint under 42 U.S.C. § 1983. Nettles filed the complaint against the Orleans Parish Prison and the Parish of Orleans complaining about the conditions of his confinement and seeking monetary compensation and continued medical attention. Since the filing of the complaint Nettles has been transferred to the River Correctional Center in Ferriday, Louisiana.

On July 8, 2016, a Report and Recommendation was issued which recommended that the claims of Nettles be dismissed. The District Judge adopted the recommendation. R. Doc. 14. While adopting the recommendation, the Court also granted Nettles' request to amend his complaint on August 3, 2016. R. Doc. 14. Nettles complied with the instruction and filed his Amended complaint on that same date. R. Doc. 15. In filing the Amended Complaint, Nettles named Warden Kevin Winfield and Sheriff Marlin Gusman as defendants and reasserted the same

allegations against them that he alleged against the previously dismissed defendants. For the following reasons, the claims against the newly named defendants are also subject to dismissal.

II.     **Standard of Review for Frivolousness**

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.     Sheriff Gusman and Warden Winfield

Nettles asserts that the conditions of his confinement at OPP were unsanitary, including but not limited to mold, ventilation concerns, overcrowding, and inconsistent medical and dental care.  He now seeks to hold Sheriff Gusman and Warden Winfield liable for these conditions.

However, a supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.  *See Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."  *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).

Nettles has not alleged that Sheriff Gusman or Warden Winfield were personally involved in the acts about which he complains.  He also failed to allege that Sheriff Gusman or Warden Winfield were personally involved in or had knowledge of the eleven conditions that he complains about.[1]   An official is deliberately indifferent to an inmate's medical needs or safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) .  Nettles has not alleged that Sheriff Gusman nor Wardin Winfield were, in any way, personally aware of the incidents about which he complains.

---

[1]The list of conditions that Nettles complains about include (1) only one operational toilet, (2) exposure to mold and mildew, (3) condensation caused by a shower, (4) broken computer used for filing grievances, (5) spoiled food being served to inmates, (6) overcrowding on several occasions, (7) only one functioning telephone, (8) reduced yard access, (9) denial of routine dental exams, (10) untimely private lawyer consultations, (11) denial of prescribed medication. R. Doc. 15, p. 2.

For the foregoing reasons, the claims against Sheriff Gusman and Warden Winfield in their supervisory capacity over OPP are therefore frivolous and otherwise fails to state a claim for which relief can be granted.

## IV.   Recommendation

It is therefore **RECOMMENDED** that Nettles's § 1983 claims against Sheriff Marlin Gusman and Warden Kevin Winfield be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 24th day of October, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.